UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80697-CIV-MARRA/JOHNSON

J. TERRY GELSOMINO,

    Plaintiff,

v.

HORIZON UNLIMITED, INC.; PAUL
ARRAY; and MARDALE R. ARRAY,

    Defendants.
_____/

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

    THIS CAUSE comes before the Court on Defendant Mardale Array's Motion for Summary Judgment (DE 30), filed April 1, 2008. Plaintiff J. Terry Gelsomino filed a response (DE 35), but Defendant has not replied. The motion is now ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

    On August 3, 2007, Plaintiff J. Terry Gelsomino ("Plaintiff") filed a four-count Complaint (DE 1) against Defendants Paul S. Array, Mardale R. Array, and Horizon Unlimited, Inc., alleging claims of patent infringement pursuant to the Patent Act, 35 U.S.C. §§ 101 *et seq.*, trademark infringement and false designation of origin pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and state law unfair competition. In the instant motion, Defendant Mardale R. Array ("Defendant" or "Mardale Array") moves for summary judgment, claiming that Plaintiff

1

has failed to state a valid claim for relief against her.

The allegations, as stated in the Complaint, are as follows: Plaintiff alleges that he is the owner of U.S. Patent number 6,279,621 (the "'621 patent"), issued on August 28, 2001. (Compl. ¶ 15.) The patent is for a device entitled the "Portable Hands-Free Gas Pumping Device and Method Therefor." (*Id.*) Plaintiff further alleges that he is the holder of Trademark Registration number 3210785 for the mark "PUMP PAL," registered on February 20, 2007. (Compl. ¶ 16.) Plaintiff claims that Paul Array owns the domain name "PUMPPAL.BIZ," registered on July 14, 2004. (Compl. ¶¶ 19-20.) Plaintiff claims that Paul Array, acting through Horizon Unlimited, Inc.,[1] used the website to advertise the sale of a "hands free gas pumping device under the name 'PUMPPAL.'" (Compl. ¶ 21.) Plaintiff states that Paul Array claims "the legal status of *patent pending*, in relation to said hands free gas pumping device." (Compl. ¶ 22.) Plaintiff alleges that "Paul Array acting through Defendant Horizon has offered to sell hands free gas pumping devices with the unauthorized use of the 'PUMP PAL' trademark and unauthorized use of the '621 Patent through the Web site . . . and Defendants have sold and shipped said devices to persons located in the United States." (Compl. ¶ 24.) Plaintiff further claims that all Defendants "have infringed on Gelsomino's '621 Patent by making unauthorized use of the '621 Patent and the invention contained therein." (Compl. ¶ 25.) Plaintiff maintains that none of the Defendants have been authorized to use either the '621 patent or the "PUMP PAL" trademark. (Compl. ¶¶ 26-27.)

---

[1] Plaintiff alleges that Paul Array "directed and controlled" the acts of Horizon Unlimited, Inc. (Compl. ¶ 28.)

**I. Plaintiff's Motion**

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* litigants are required to meet certain essential burdens in their pleadings. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

The Court agrees with Plaintiff that Defendant's "objection is more appropriately addressed via a Motion to Dismiss, since [Defendant] is essentially claiming that the Complaint fails to state a claim upon which relief should be granted." (Pl. Resp. 2.) Defendant's Affidavit, submitted in support of her motion, simply recites the allegations in the Complaint and does not provide any additional facts beyond those facts alleged by Plaintiff. (*See* Array Aff. ¶¶ 1-10.) Further, granting summary judgment without affording Plaintiff an adequate opportunity to conduct discovery would be reversible error. *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988). Thus, the Court construes Defendant's motion as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)[2] rather than as a motion for summary judgment.

---

[2]Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Where, however, the pleadings are closed and no trial delay will result, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). This rule is the appropriate vehicle for a motion for failure to state a claim upon which relief can be granted after an answer has been filed. Fed. R. Civ. P. 12(h)(2)(B).

**II.  Standard of Review**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

Rule 12(c) of the Federal Rules of Civil Procedure allows a court to enter judgment on the pleadings after the pleadings are closed[3] "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).  The Court must accept all of the facts in the complaint as true and view them in the light most favorable to the nonmoving party.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  The complaint can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996).

---

[3]Pleadings are considered "closed" when all defendants have filed answers to the complaint.  *See, e.g., Signature Combs, Inc. v. U.S.*, 253 F. Supp. 2d 1028, 1030 (W.D. Tenn 2003).  Defendant filed her answer on March 6, 2008 (DE 27), and Paul Array filed his answer on September 13, 2007 (DE 7).  The remaining defendant, Horizon Unlimited, Inc., is in default (DE 26).

**III.  Discussion**

*Patent Infringement*

In analyzing claims arising under the Patent Act, the Court is bound by decisions of the U.S. Court of Appeals for the Federal Circuit.  *See Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (applying Federal Circuit law to patent issues but local circuit court law to procedural issues); 28 U.S.C. § 1295(a)(4)(C).  To state a claim for patent infringement, the Federal Circuit has explained that a plaintiff must only allege the following facts: the plaintiff's ownership of the patent, the names of each individual defendant, the patent that is ostensibly infringed, the means by which the defendants infringed the patent, and the specific sections of the patent law invoked.  *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

In this case, Plaintiff alleges that he owns the '621 patent.  (Compl. ¶ 15.)  Plaintiff has alleged the names of each individual defendant – including Defendant Mardale Array.  Plaintiff claims the '621 patent has been infringed.  Plaintiff claims that all Defendants (including Mardale Array) "sold and shipped" the allegedly infringing device without authorization.  (Compl. ¶¶ 24-25.)  Finally, Plaintiff has alleged that Defendant's actions violated 35 U.S.C. § 271.  Thus, Plaintiff has alleged a valid cause of action for patent infringement against Defendant.  Plaintiff explicitly stated that all three Defendants in this action would "sometimes collectively [be] referred to as 'Defendants.'" (Compl. 1.)  Allegations in the Complaint against "Defendants" are therefore made against Paul Array, Mardale Array, and Horizon Unlimited, Inc.  Defendant cannot escape the allegations in the Complaint merely because Plaintiff did not explicitly list her by name in each paragraph of the Complaint and instead used the shorthand

"Defendants."  Defendant's motion with respect to the claim of patent infringement must be denied.

*Trademark Infringement*

To state a claim of trademark infringement based on a federally registered mark under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), the plaintiff/registrant must allege that the mark was used in commerce by the defendant without the plaintiff's consent and that the defendant's use of the mark was likely to cause consumer confusion.  *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007); *Burger King Corp. v. Mason*, 710 F.2d 1480, 1491 (11th Cir. 1983).

In this case, Plaintiff alleges that he owns a valid trademark for the "PUMP PAL" mark.  (Compl. ¶ 16.)  Plaintiff alleges that all Defendants (including Mardale Array) "sold and shipped" devices carrying the "PUMPPAL" mark in commerce.  (Compl. ¶ 24.)  Plaintiff claims that he has not authorized Defendants to use the "PUMP PAL" trademark.  (Compl. ¶ 26.)  Plaintiff has also alleged that the actions of all Defendants (including Mardale Array) have caused consumer confusion.  (Compl. ¶¶ 55-56.)  Again, Plaintiff has met his burden under Rule 8 of the Federal Rules of Civil Procedure to provide a "short and plain" statement of his claims, which include claims against Mardale Array.  Defendant's motion must, as a result, also be denied with respect to the claim of trademark infringement.

**IV. Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Mardale Array's

Motion for Summary Judgment (DE 29), construed as a motion for judgment on the pleadings, is

**DENIED**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 9th day of September, 2008.

                                                    _____
                                                  KENNETH A. MARRA
                                                  United States District Judge

Copies to:
Paul Array, *pro se*
Mardale Array, *pro se*
Horizon Unlimited, Inc.
All counsel of record